**BYRNE et al. v. MORGAN.**

No. 9753—Opinion Filed April 12, 1921.

(Syllabus.)

**Mechanics' Liens—Enforcement of Building Bond as Indemnity Against Liens.**

Lee contracted with Morgan to build a dwelling house for $1,537, and pay for all labor and material, and gave a bond in the

sum or $1,700, conditioned that he would build the house and pay for all labor and material, according to the contract, which was made part of the bond. Byrne and Henderson signed Lee's bond as sureties. Byrne was president, and Henderson manager, of the Chickasaw Lumber Company, as such president and manager of said company, they sold lumber and material to Lee to go into the house. Morgan paid Lee the full contract price after the house was built. Lee failed to pay for the lumber. Byrne and Henderson filed a materialman's lien against Morgan's house in the name of their lumber company, brought suit upon same, and recovered judgment for the amount of material furnished. Morgan paid the judgment, and then sued Lee as principal, and Byrne and Henderson as sureties on the bond. The court rendered judgment on the bond for the amount Morgan had paid to the lumber company. Byrne and Henderson appealed. Held, Byrne and Henderson were liable on the bond. Judgment affirmed.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by D. H. Morgan against C. L. Byrne and another on building bond. Judgment for plaintiff, and defendants bring error. Affirmed.

Johnson & McGill, for plaintiffs in error.

Cruce & Potter, for defendant in error.

HARRISON, C. J. This was a suit by D. H. Morgan against C. L. Byrne and L. A. Henderson, as sureties, and A. H. Lee, as principal, on a bond for the faithful performance of a contract to furnish material and build a dwelling house in the city of Ardmore. The contract was to build the house for $1,537. The bond for the faithful fulfillment of the contract was for $1,700. A. H. Lee was the contractor, who agreed to build the house for D. H. Morgan. Byrne and Henderson were sureties on Lee's bond that he would fulfill his contract. Lee completed the building, and Morgan paid him $1,537, the contract price, after the building had been completed. The Chickasaw Lumber Company, a corporation, of which said C. L. Byrne was president, and said L. A. Henderson manager, furnished lumber and material that went into the house, amounting to $729. After completion of the house, and after Morgan had paid Lee the contract price, the lumber company filed a materialman's lien and brought suit against Morgan and Lee for the costs of the material furnished, $729 and $150 attorney's fee. The New State Hardware Company also filed suit for material, amounting to $8.50, and attorney's fee of $25. The court gave judgment against Lee and Morgan for $747 and for an attorney's fee of $100 and gave judgment to the Hard-

ware Company for $8.50 and attorney's fee of $25, and decreed a lien upon the property of Morgan to secure payment of the judgment. Morgan paid the judgment to the lumber company and to the hardware company, in order to protect his property against foreclosure of the lien, and then brought suit against C. L. Byrne and L. A. Henderson, sureties on Lee's bond, for the amount he had paid out on said judgments, and recovered judgment.

C. L. Byrne was president of the Chickasaw Lumber Comany, and L. A. Henderson was manager. They signed Lee's bond, as sureties, and, as managers of said lumber company, furnished Lee the material which went into the house. Hence the question here is whether they, as sureties on Lee's bond, are liable for the amount of the judgment which Morgan had paid to their lumber company for material. Plaintiffs in error state the proposition thus:

"When the house was completed the contractor did not pay the Chickasaw Lumber Company, which furnished most of the lumber and material for the erection of the building, and did not pay a small bill for material furnished by the New State Hardware and Harness Company, and these materialmen brought suit against the contractor and defendant in error, and obtained judgment; which judgment the defendant in error had to pay, and he, in turn, sues plaintiffs in error, sureties upon the contractor's bond, to recover the amount of these judgments, which he had to pay. And the only question in the case, as we see it, is whether under a proper construction of the bond the plaintiffs in error are liable to the defendant in error for the amount paid the materialmen upon their judgments."

Like counsel for plaintiffs in error, the only question as we see it is whether these sureties are liable on the bond. The conditions of the bond are as follows:

"Now the condition of this obligation is such that, whereas, the above bounden principal obligor, A. H. Lee, has entered into a contract with the above named obligor, dated this the 6th day of April, 1914, for the erection and construction of a house located on lot __, block __, in the city of Ardmore, Oklahoma, which said contract is hereby referred to and made a part of the obligation of this bond as though fully transcribed herein.

"Now, if said A. H. Lee, principal obligor, shall well and truly perform such contract, together with any alterations or conditions made thereto or extra work ordered, and shall hold said obligee (meaning Morgan) free and harmless from all claims, demands and liens arising therefrom on the part of

laborers, or of subcontractors in the employ of the obligor or his agents, then this obligation to be void, otherwise in full force and effect."

The contract referred to and made part of the above bond, after reciting other things which the contractor agreed to do, concluded:

"And to pay for all material, labor and all bills arising from said house."

Now it appears to us that Byrne and Henderson, as sureties on Lee's bond, were bound to Morgan for the costs of all material and labor that went into the building of said dwelling, to the amount of the bond. It appears, further, that these sureties, after having signed Lee's bond, furnished the lumber and material to the amount of $729 to Lee, not to Morgan, and then sued Morgan in the name of their company for the very material which under the bond and contract they were obligated to pay, in the event Lee failed to do so.

It appears, further, to us that the trial court in rendering judgment against Byrne and Henderson for the amount of judgment which they had forced Morgan to pay to their lumber company, an amount which they as sureties were bound themselves to pay under the conditions of the bond and contract, which was made a part thereof, was correct and should be affirmed.

There is no question that, if some other lumber company had furnished the material and then sued Morgan and forced him to pay them, Morgan could have held Byrne and Henderson liable under their bond. And there are less grounds for question as to their liability under the actual conditions. They had signed Lee's bond to build the house and pay for all labor and material, and bound themselves to the extent of $1,700 for the fulfillment of Lee's contract. They then sold Lee the lumber which went into the house, and after they had allowed their principal obligor, Lee, to collect the full contract price and appropriate it without paying for the material, they then sued Morgan and forced him to pay for it again.

The judgment of the trial court that D. H. Morgan recover of C. L. Byrne and L. A. Henderson the sum of $1,061.60, with interest at six per cent. per annum until paid, and for costs of suit and for execution, is affirmed.

PITCHFORD, McNEILL, ELTING, and NICHOLSON, JJ., concur.